**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Buchanan, ) | CV 11-1621-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Hahn, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Plaintiff's Motion for Reconsideration ("Motion"). Doc. 16. The Court now rules on the Motion.

**I.   BACKGROUND**

On August 18, 2011, Plaintiff David Buchanan ("Plaintiff") filed a *pro se* Civil Rights Complaint by a Prisoner (Doc. 1) pursuant to 28 U.S.C. § 1983 while incarcerated at the Maricopa County Durango Jail in Phoenix. This Court granted Plaintiff leave to file an amended complaint and screened Plaintiff's First Amended Complaint (Doc. 4) in an Order (Doc. 7) filed on October 13, 2011. In the screening order, Plaintiff was ordered to complete and return a service packet within 21 days for Jim Hahn, the named defendant, after which the U.S. Marshal Service would notify Hahn and effect service. The screening order also warned Plaintiff that if he failed to timely comply with the provisions in the screening order, the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Additionally, Plaintiff was specifically warned that if he failed to file a notice of

1 change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure, the
2 action may be dismissed.

3 Plaintiff timely returned the service packet, but it was incomplete. Thus, the Clerk of
4 Court returned the service packet to Plaintiff on October 24, 2011 for proper completion.
5 When Plaintiff again failed to return the service packet, the Court sent an Order to Show
6 Cause (Doc. 12) on December 20, 2011, requiring Plaintiff to respond within 20 days of the
7 Order. After Plaintiff failed to return a completed service packet to the Clerk of Court or
8 notify the Court of a new address within the 20 day deadline, the Clerk of Court entered a
9 Judgment of dismissal of this action on January 27, 2012 (Doc. 15).

10 **II.    LEGAL STANDARD**

11 Under the Federal Rules of Civil Procedure, a motion for reconsideration can be
12 brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442
13 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)). Rule 59(e)
14 governs motions filed within 28 days of entry of judgment. *See Coyaso v. Bradley Pac.*
15 *Aviation, Inc.*, CIV. 11-00267 JMS, 2012 WL 1883718 (D. Haw. May 21, 2012); *United*
16 *States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008). "A Rule
17 59(e) motion should not be granted 'unless the district court is presented with newly
18 discovered evidence, committed clear error, or if there is an intervening change in the
19 controlling law.'" *McQuillion v. Duncan*, 343 F.3d 1012, 1014 (9th Cir. 2003) (quoting
20 *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Generally, the Court
21 will deny a motion for reconsideration absent a showing of manifest error or a showing of
22 new facts or legal authority that could not have been brought to the Court's attention earlier
23 with reasonable diligence. L.R.Civ.P. 7.2(g).

24 Alternatively, if a motion for reconsideration is filed more than 28 days after the
25 judgment, it will be considered under Rule 60(b). Rule 60(b) provides for reconsideration
26 only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
27 discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party;
28 (4) a void judgment; (5) a satisfied, released or discharged judgment, or (6) "extraordinary

- 2 -

circumstances" which would justifying relief. Fed. R. Civ. P. 60(b); *see Fuller*, 950 F.2d at 1442 (citing *Taylor*, 871 F.2d at 805).

## III. ANALYSIS

Because Plaintiff filed his Motion for Reconsideration within 28 days of judgment, the Court analyzes his Motion under Rule 59(e). Here, Plaintiff alleges that because inmates depend on outside vendors to supply legal materials and complete requests, inmates frequently miss deadlines and violate court orders due to circumstances beyond their control. Doc. 16 at 1. Plaintiff also argues that because inmates are not allowed to possess any of their legal materials while detained at the Arizona Department of Corrections Processing Center (Alhambra), delivery of these materials are delayed until inmates reach their final destination. This delay, Plaintiff argues, also causes inmates to miss their filing dates. *Id*. at 2. Finally, Plaintiff cites his recent transfer from Maricopa County Durango Jail to Alhambra as the reason for his failure to return the completed service packet and comply with this Court's December 20, 2011 Order to Show Cause.

Although Plaintiff argues that his circumstances justify reconsideration, a Rule 59(e) motion can only be granted if Plaintiff carries his burden of establishing newly discovered evidence, clear error, or an intervening change in the controlling law. *See McQuillion*, 343 F.3d at 1014. Here, Plaintiff fails to argue or present evidence supporting any of these factors. Plaintiff also had 95 days to complete the service packet following the Clerk of Court's October 24, 2011 notice of incompletion before Judgment was entered on January 27, 2012. Still, nowhere in his Motion does Plaintiff include the specific dates of his transfer or in any way indicate the amount of time that he was unable to possess legal material while at Alhambra beyond that he was "in the process of complying with the Court's order regarding the service packet when he was moved. . . ." Doc. 16 at 2. In light of Plaintiff's repeated failure to timely comply with this Court's orders, the Court will deny the Rule 59(e) motion.

/ / /

/ / /

- 3 -

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion for Reconsideration (Doc. 16).

DATED this 10th day of July, 2012.

James A. Teilborg
United States District Judge